**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000597
19-OCT-2012
09:46 AM**

NO. CAAP-11-0000597

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MADELIENE JOY HASKINS and JAMES STEPHENS,
PlaintiffS-Appellants, v. SHELLIE V. AKIONA-GUTIERREZ,
d.b.a. Pacific Isle Mortgage; PACIFIC ISLE MORTGAGE, LLC,
a Hawaii Limited Liability Company; COUNTRYWIDE HOME
LOANS, INC., a New York corporation; and BANK OF
AMERICA, N.A., a national bank, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-1962-08-KKS)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Plaintiffs-Appellants Madeliene Joy Haskins and James Stephens (**Appellants**) appeal from the July 7, 2011 Final Judgment entered by the Circuit Court of the First Circuit (**Circuit Court**).[1/] Appellants' Hawaii Revised Statutes (**HRS**) § 480-2 claim was dismissed based on the four-year statute of limitations in HRS § 480-24 (2008).

On appeal, Appellants contend that the Circuit Court erred in granting a motion for judgment on the pleadings because, *inter alia*, the statute of limitations was tolled during the pendency of Appellants' federal suit.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1/]     The Honorable Karl K. Sakamoto presided.

the arguments advanced and the issues raised by the parties, we resolve Appellants' point of error as follows:

Applicable federal law provides:

> § 1367 **Supplemental jurisdiction.** (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
>
> (d) **The period of limitations for any claim asserted under subsection (a)**, and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), **shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.**
>
> (e) As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

(Emphasis added.)

We conclude that, pursuant to 28 U.S.C. § 1367(d), the statute of limitations on Appellants' HRS § 480-2 claim, was

tolled pending the dismissal of the federal case and for (at least) 30 days thereafter. <u>See</u>, <u>e.g.</u>, <u>Turner v. Kight</u>, 957 A.2d 984 (Md. 2008) (noting various interpretations of the tolling period, which we need not resolve in this case). We reject the appellees' contention that the statute only applies when a federal court expressly "declines to exercise supplemental jurisdiction" over a state law claim because that interpretation would undermine the clear, remedial purpose of the statute.

Appellants filed the instant case within 30 days of the dismissal of the federal case. Hence, the Circuit Court erred when it concluded that Appellants' claim was barred by the statute of limitations set forth in HRS § 480-24. The Circuit Court's July 7, 2011 Final Judgment is vacated and this case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawai'i, October 19, 2012.

On the briefs:

Walter R. Schoettle
for Plaintiffs-Appellants

Patricia J. McHenry
(Cades Schutte LLP)
for Defendants-Appellees
COUNTRYWIDE HOME LOANS, INC.
and BANK OF AMERICA, N.A.

Alex M. Sonson
Vladimir P. Gaad
Attorneys for Defendants
SHELLIE V. AKIONA-GUTIERREZ,
d.b.a. Pacific Isle Mortgage
and PACIFIC ISLE MORTGAGE, LLC

Chief Judge

Associate Judge

Associate Judge